IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | JURY TRIAL DEMAND |
| BALANCE STAFFING AND BALANCE STAFFING d/b/a BALANCE FINANCIAL, INC. | ) ) ) ) | |
| Defendants. | ) ) | |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jocelyn Snower ("Snower"), a qualified individual with a disability, blindness, who was adversely affected by such practices.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the Northern District of Illinois.

**PARTIES AND OTHER PERSONS**

3. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Balance Staffing had continuously been doing business in the Northern District of Illinois, and has continuously had and does now have at least fifteen (15) employees.

5. At all relevant times, Defendant Balance Staffing d/b/a Balance Financial, Inc. had continuously been doing business in the Northern District of Illinois, and has continuously had and does now have at least fifteen (15) employees.

6. At all relevant times, Balance Staffing has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

7. At all relevant times, Balance Staffing d/b/a Balance Financial, Inc. has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

8. At all relevant times, Balance Staffing has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

9. At all relevant times, Balance Staffing d/b/a Balance Financial, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

10. At all relevant times, Snower was a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 U.S.C. §12111(8).

## STATEMENT OF CLAIMS

11. More than thirty (30) days prior to the institution of this lawsuit, Snower filed a charge of discrimination with the Commission alleging a violation of Title I of the ADA by Balance Staffing. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Since at least June 2006, Balance Staffing and Balance Staffing d/b/a Balance Financial, Inc. (collectively, "Defendants") have engaged in unlawful employment practices, in violation of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b). These practices include, but are not limited to:

    (a) failing to hire Snower once it learned about her disability, blindness; or, in the alternative,

    (b) hiring Snower before it learned about her disability, and upon learning of her disability, discharging Snower because of her disability, and

    (c) refusing to pay Snower wages for hours of work that she already performed for Defendants, because of her disability.

13. The effect of the practices complained of above has been to deprive Snower of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability, in violation of Title I of the ADA, 42 U.S.C. § 12112.

14. The unlawful employment practices complained of above in Paragraph 12 were

intentional.

15. The unlawful employment practices complained of above in Paragraph 12 were done with malice and/or reckless indifference to the federally protected rights of Snower.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that violates Title I of the ADA;

B. Order Defendants to institute and carry out policies, practices, and programs that eradicate the effects of its past and present unlawful employment practices;

C. Order Defendants to make Snower whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Defendants to make Snower whole by providing compensation for past and future pecuniary losses;

E. Order Defendants to make Snower whole by providing compensation for past and future non-pecuniary losses, including but not limited to, emotional pain, suffering, loss of enjoyment of life, and humiliation;

F. Order Defendants to pay Snower punitive damages for its intentional, malicious and/or reckless conduct, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper; and

H. Grant the Commission its costs in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all issues of fact raised by its Complaint.

                        Respectfully submitted,

                        JAMES LEE
                        Deputy General Counsel

                        GWENDOLYN YOUNG REAMS
                        Associate General Counsel

                        EQUAL EMPLOYMENT OPPORTUNITY
                        COMMISSION
                        131 M Street, NE
                        Washington, D.C. 20507

                        /s/ John C. Hendrickson
                        John C. Hendrickson
                        Regional Attorney

                        /s/ Diane I. Smason
                        Diane I. Smason
                        Supervisory Trial Attorney

                        /s/ Laura R. Feldman
                        Laura R. Feldman
                        Trial Attorney
                        IL. Bar No. 6296356
                        EQUAL EMPLOYMENT OPPORTUNITY
                        COMMISSION
                        500 West Madison Street, Suite 2000
                        Chicago, Illinois 60661
                        Laura.Feldman@EEOC.gov
                        (312) 353-6204